UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WELBY R. PENA,

        Plaintiff,

vs.

MAGAYA CORPORATION,
also doing business as
MAGAYA INSURANCE SERVICES, INC.

        Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, WELBY R. PENA (Hereinafter "Plaintiff"), through counsel, sues Defendant, MAGAYA CORPORATION, also doing business as MAGAYA INSURANCE SERVICES, INC. (Hereinafter "Defendant" or "Magaya") and alleges as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq*. (FLSA) and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681-1681u, as amended., as well as pursuant, *inter alia*, 15 U.S.C. § 1681p.

2. The Court also has supplemental jurisdiction over the pendent state law contract claim pursuant to 28 U.S.C. 1367.

3. Plaintiff resides in Florida and is a past employee of Defendant.

4. At all times material hereto, Plaintiff was a "consumer" and former "prospective employee" and/or "employee of the Defendant employer within the meaning of FCRA.

5. Defendant, MAGAYA CORPORATION, is a Florida corporation with its principal place of business in Miami-Dade County, Florida. and at all times material hereto, was also doing business as MAGAYA INSURANCE SERVICES, INC.

6. Defendant Magaya is engaged in commerce in the field of insurance sales and binds and sells insurance coverage from various out of state insurance companies.

7. At all times material hereto, Defendant Magaya was the "Employer" of Plaintiff under FLSA as that term is defined under said statute and was "Enterprise" and it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, Defendant is Plaintiff's former "employer," within the meaning of the FCRA.

9. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant as an in-house insurance agent.

10. As part of its uniform employment policy and procedure, Defendant initiated a background check (i.e., a consumer report) on Plaintiff without Plaintiff's knowledge, acquiescence and/or written permission all in violation of 15 U.S.C. Section 1681b(b)(2)(A)(i).

11. While Defendant was performing a background check an apparently securing a "consumer reports" from "consumer reporting agencies" (as those terms are defined under FCRA), Plaintiff in good faith worked for Defendant with the promise of being paid for services rendered to Defendant.

12. During Plaintiff's employment (specifically from about January 2, 2015 through about January 16, 2015) Plaintiff accrued the following damages:

    - $1,538.46 ($40,000/52 weeks x 2 weeks) in damages representing unpaid wages which Defendant failed to tender following Plaintiff's termination for a purportedly unsatisfactory background check.

    - $580 (80 hours x $7.25 per hour) as liquidated damages as Defendant failed to pay Plaintiff any wages thereby violating federal minimum wage laws.

    - $307.60 ($769/50=$15.38 per hour (regular rate of pay) x10 hours of overtime per week x 2 weeks plus liquidated damages) in unpaid overtime.

13. As part of Defendant's hiring policy and practice, and purportedly for employment purposes (particularly for purposes of evaluating a consumer for employment), it requires all applicants for employment to agree to a background check, including for criminal convictions.

14. As part of Defendant's uniform employment policy and practice (particularly in hiring), it then obtains "consumer reports" with regards to the employees.

15. Defendant than takes "adverse action" (as that term is defined under FCRA) based in whole or in part on consumer reports received from a consumer reporting agency.

16. Defendant's employment policy and practice, however, is not to provide any employees with notification of Defendant's anticipated adverse action prior to taking the action.

17. Moreover, Defendant's employment policy and practice is also not to provide to employees copies of the background report prior to making the adverse action.

18. Additionally, the Defendant's employment policy and practice is not to provide to employees copies of their rights under the Fair Credit Reporting Act prior to Defendant making the adverse action.

19. Furthermore, as part of Defendant's employment policy and practice, once the adverse action is taken against the employee/consumer based in whole or part upon the consumer report, the Defendant uniformly fails, *inter alia*, to provide the name, address, and telephone number of the consumer reporting agency that furnished the consumer report.

20. Further, as part of Defendant's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to disclose that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken.

21. Also as part of Defendant's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to advise the employee that he may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

22. Additionally, the Defendant's employment policy and practice is not to provide to the employees copies of their rights under the Fair Credit Reporting Act even after the Defendant makes the adverse action based in whole or part upon the consumer report even when a copy of the rights under FCRA was not provided, for example, to a prospective employee, as part of any pre-adverse determination.

23. After the Defendant apparently conducted its background investigation, the Defendant rescinded the job offer and ultimately advised Plaintiff that the adverse action was based on the results of his criminal background check.

24. Consistent with Defendant's uniform employment policy and practice, the Plaintiff was never provided with any pre-adverse notices or documents, nor any information, disclosures or appropriate documents provided even after the adverse action was made (i.e. other than a portion of the consumer report tendered to him weeks after his termination and only after repeated demands by Plaintiff) by the Defendant and conveyed to the Plaintiff.

25. Despite Plaintiff's continued demand for payment, Defendant has knowingly and willfully refused to tender payment of wages owed to Plaintiff.

26. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

27. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANT

28. Plaintiff reavers and realleges paragraphs 1-27 herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

30. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT
## MAGAYA CORPORATION

31. Plaintiff reavers and realleges paragraphs 1-27 herein.

32. Plaintiff entered into an oral contract with Defendant Magaya for payment of wages.

33. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and

5

owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

34. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

35. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorney's fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

## COUNT III
## VIOLATION OF FCRA

36. Plaintiff reavers and realleges paragraphs 1-27 herein.

37. Defendant violated the FCRA as more fully described above.

38. Defendant undertook the acts, implemented the policy/practice, and/or engaged in the conduct referenced above through its management/H.R. personnel.

39. Defendant's failure to comply with FCRA was, *inter alia*, willful, knowing, intentional and/or in reckless and/or conscious disregard of or indifference to Plaintiff's rights under the law.

WHEREFORE, Plaintiff demands judgment as follows:

A. Judgment for appropriate actual/compensatory, statutory and punitive damages pursuant to 15 U.S.C. §§1681n &/or o;

B. Reasonable attorney's fees and cost pursuant to 15 U.S.C. §1681n &/or o as well as under other provisions of FCRA; and

6

C. Such other relief as the court may deem appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone: (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409