UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CV-20499-MGC

WELBY R. PENA,

        Plaintiff,

vs.

MAGAYA CORPORATION,
D/B/A MAGAYA INSURANCE SERVICES, INC.

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
## &
## FOR ENTRY OF JUDGMENTAND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Welby Pena, pursuant to Fed. R Civ. P. 12(b)(1), 26(c) and S.D.L.R . 7.1., hereby moves for entry of Judgment based on Mootness and the Court's lacks subject Matter jurisdiction over the claims asserted therein. Plaintiff further seeks the entry of a Protective order precluding the taking of his deposition on May 15, 2015 @ 1:00 PM as Defendants have offered and Plaintiff has accepted an amount which provides plaintiff with any and all relief he intends to seek in this case. As such, there is no longer any live "case or controversy."  The grounds upon which this motion is based and the substantial matter of law supporting those grounds is further described with specificity in the following memorandum of law.

### INTRODUCTION

Plaintiff filed his complaint seeking unpaid minimum wages pursuant to  FLSA, 29 U.S.C. §§ 201 *et seq.* (FLSA)( Count I), Common Law Breach of Contract (Count II) and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681-1681u, as amended Count III). The total damages sought under Counts I & II total $2,426.06. See ¶ 12 of Plaintiff's complaint on March 13, 2015, Defendants served Plaintiff with a Rule 68 Offer Judgment with the relevant excerpts that reads as

follows:

> **OFFER OF JUDGMENT** – Defendant, Magaya Corporation, offers to allow judgment to be entered in favor of Plaintiff, WELBY R. PEÑA as to Counts I (Violation of FLSA) and III (Violation of FCRA) of the Complaint asserted in the above-styled action, and all other claims, including, but not limited to those claims under state law (Florida Minimum Wage Act), <u>**except breach of contract (Count II of the Complaint)**</u>, in the amount of two thousand four hundred twenty-six dollars and six cents ($2,426.06) to WELBY R. PEÑA in addition to reasonable attorney's fees and costs pertaining to Count I and Count III, less the amount of any set-off and attorney's fees to which Defendant is found to be entitled in connection with Count II (breach of contract) of the Complaint. This offer also applies to all claims against any party who could have been joined for the violations alleged in Counts I (Violation of FLSA) and III (Violation of FCRA) of the Complaint, or related Amended Complaint(s), including but not limited to Magaya Insurance Services, Inc.

Defendants' Offer of Judgment is somewhat odd in that it is directed to <u>Counts I & III</u> (both of the federal claims) and offers $2,426.06 in total damages which is the combined damages amount sought under **Counts I & II** of Plaintiff's complaint. Defendant further offers Plaintiff an award of reasonable attorney's fees and costs. As written, despite offering the FULL amount of damages sought under Count II, Defendant's Offer of Judgment nonetheless assumes that it shall be entitled to a set-off of "attorney's fees if Defendant is found to be the prevailing party in Connection with Count II (Breach of Contract). The assumption is somewhat bizarre and presupposes that Plaintiff will be forced to litigate Count II (Breach of Contract) when Plaintiff's damages have been fully paid.

On May 13, 2015, Plaintiff accepted Defendant's offer of judgment. [D.E. 24]. The acceptance reads as follows:

1. **Defendants served upon Plaintiff a Rule 68 offer of Judgment dated May 13, 2015. Exhibit "A."**

2. **Plaintiff hereby accepts the subject offer of judgment.**

3. **Plaintiff further requests that this Court entertain Plaintiff's Motion to Tax Attorney's Fees and Costs as Plaintiff is the prevailing party under both FLSA and FCRA and an award of attorney's fees and costs is mandatory.** *See* **29 U.S.C. § 216(b) & 15 U.S.C. §1681o(2).**

4. **Plaintiff hereby abandons Count II (Breach of Contract) of his complaint as the Defendants' offer compensates Plaintiff for all damages sought under said count.**

It is clear that the offer of judgment encompasses all damages sought by Plaintiff under Counts I & II to the exclusion of any damages for under Count III (FCRA) but nonetheless, Defendants gratuitously offer that judgment be entered against it as to Count III (FCRA). Plaintiff is of the position that the damages offered plus an award of reasonable attorney's fees and costs suffices and moots the issues in this case especially given that Plaintiff has no intention to proceed with his supplemental state claim for which damages were paid. The acceptance of the Rule 68 offer of judgment similarly moots Count III (FCRA) of Plaintiff's complaint.

Incredibly, after accepting the offer of judgment, the following e-mail exchange took place between counsel:

**From:** James Loren
**Sent:** Wednesday, May 13, 2015 7:10 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment

==You are not making much sense!==

==Neither deposition is going forward.==

James M. Loren, Esq.

On May 13, 2015, at 7:00 PM, Michael Wermuth <michael@wermuthlaw.com> wrote:

Dear Mr. Loren, this is to confirm that I am going forward with the deposition of the Plaintiff, Mr. Pena, on Friday as scheduled.  Do you still wish to depose the Defendant's corporate rep?

J. Michael Wermuth


**From:** Michael Wermuth [mailto:michael@wermuthlaw.com]
**Sent:** Wednesday, May 13, 2015 7:36 PM
**To:** James Loren
**Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
**Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment

Mr. Loren, please do not play games.  I made my position very clear to you this morning.  I was not persuaded by your vehement arguments regarding the validity of my offer of judgment (i.e., its limitation to Counts I and III), and you chose to accept it after all.  As you saw, the only change I made to the prior version was to remove my estimation of reasonable fees (i.e., the reference to $2,500), which was generous in my opinion anyway.   You now run the risk the Court will find a lesser number more reasonable.

As you know from our conversation this morning, my client fully intends to pursue his right to prove the set off (affirmative defense based on the contract claim).  If you do not intend to produce your client for deposition on Friday, you need to file a motion for protective order ASAP.

J. Michael Wermuth


**From:** James Loren
**Sent:** Wednesday, May 13, 2015 8:07 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment

Mr. Wermuth:

    I am not here to do your legal work for you. Contrary to your understanding of the matter, Rule 68 was not designed to protract litigation. As you are aware, I made a reasonable demand for damages, fees and costs earlier today. You instead sent another ridiculous and poorly thought out Rule 68 offer of judgment. Plaintiff accepted y it.

    Before you sent today's Rule 68 offer of judgment, the amount Plaintiff demanded to settle the fee and cost claim was significantly below the time reasonably expended on the matter. Despite taking the opportunity to short circuit this litigation,  you are bent on litigating some nonsensical and legally incomprehensible offset defense suggesting that you can force Plaintiff to continue litigating the matter when his damages have been

4

paid. I am confident that the Court will find your stance amusing at best. Please be forewarned that you are driving up attorney's fees unnecessarily and litigating in bad faith. I suggest you review 28 USC § 1927 and Rule 11.

Thank you,

Inexplicably, Defendants in a vexatious manner based on a misunderstanding of the law and/or simply a gross disregard for prudence and common sense, wish to depose Plaintiff on May 15, 2015 @ 1:00 PM and to continue litigating the matter in the hopes of prevailing on Count II (which provides for a **discretionary** award of attorney's fees under Fla. Stat. 448.08 to the prevailing party) so as to attempt to recoupe/offset the fees paid to Plaintiff under his acceptance of the Rule 68 offer of Judgment. Certainly, the service of a Rule 68 Offer of Judgment is intended to shorten litigation rather to protract it. How can a party in good faith make an offer which on its face moots a claim but then at the same time forces a party to litigate the claim when there is no damages claim remains. To add, once Counts I (FLSA) & III (FCRA) over which this Court has original jurisdiction are dismissed, this Court in its discretion may decline to exercise supplemental jurisdiction over Count II (the pendent state breach of contract claim). For Defendants to insist on proceeding with Plaintiff's scheduled deposition of May 15, 2015 @ 1:00 PM makes no sense whatsoever and is a blatant waste of everyone's time.

## MEMORANDUM OF LAW

Plaintiff has been offered his full amount owed under the law and there is no "...no longer case or controversy…" *See e.g.* Greisz v. Household Bank, N.A., 176 F.3d 1012, 1015 (7th Cir. 1999). In reviewing a nearly identical situation, the court in MacKenzie v. Kindred Hospitals, L.L.C., 276 F. Supp. 2d 1211 (M.D. Fla. 2003) stated that the "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation '" 276 F Supp 2d at 1216 (quoting Utility Automation 2000. Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F .3d 1238, 1240 (11th Cir. 2002)) Citing

another Eleventh Circuit decision, the court also concluded that "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA " Id. (citing Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997))

The MacKenzie Court then reviewed the concept of mootness and the "case or controversy" requirement under Article III of the US Constitution.

> **The defendant's motion, as indicated, is premised on the ground that this lawsuit should be dismissed because its fully compensatory offer of judgment moots the controversy in this case. The doctrine of mootness has its source in Article III of the United States Constitution, which provides that federal judicial power extends only to "cases" or "controversies." Lusardi v. Xerox Corp., 975 F 2d 964, 974 (3d Cir. 1992) This requirement "limits federal courts to deciding questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." Id. at 980 (quoting Flast v. Cohen, 392 U.S. 83, 95, 88 S Ct 1942, 20 L Ed 2d 947 (1968)).**

So that there is no doubt, the offer of judgment in this case expressly provides that Plaintiff be permitted to proceed with a judicial determination of his reasonable attorney's fees and costs.

> **A case becomes moot when the issues are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the litigation City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S Ct 1382, 146 L Ed 2d 265 (2000) For example, complete relief to the plaintiff moots the action because he no longer has a legally cognizable interest in the outcome of the litigation See Lusardi v. Xerox Corp., supra, 975 F 2d at 974; Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.,N Y 2000), These Article III limitations imposed by the mootness doctrine apply to a proposed FLSA collective action under § 216(b). See Lusardi v. Xerox Corp., supra, 975 F.2d at 984 (ADEA action which incorporates § 216(b)).**

276 F Supp at 1218 (emphasis added)[1]

---

[1]   This motion is typically a "factual" challenge to the Court's subject matter jurisdiction because the Court must review extrinsic evidence outside of the pleadings. *See* Morrison v. Amway Corp., 323 F 3d 920, 924 n 5 (11th Cir. 2003) As the Eleventh Circuit has explained:

Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, In short, no presumptive truthfulness attaches to plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue. Id. at 925

The court then zeroed in on the central issue: How can a plaintiff continue to litigate a claim after being offered full relief? The court concluded that under those circumstances the claim is moot:

> **[T]his case would unquestionably be moot if the plaintiff had accepted the offer of full relief. Lusardi v. Xerox Corp, supra, 975 F. 2d at 984 The catch here, however, is that the plaintiff did not accept the offer of judgment The defendant has presented authority holding that this circumstance does not keep the controversy alive, Thus, the defendant has cited a district court decision concluding that, if the plaintiff is offered full relief but does not accept it, the offer nonetheless moots the plaintiffs claim and it is appropriate to dismiss the case for lack of subject matter jurisdiction Viskur v. Short Term Loans LLC, 94 F. Supp. 2d 937 (N.D. Ill 2000). The defendant also has cited a decision in which, after a plaintiff rejected an offer of full relief, the court determined the case to be moot and entered judgment for the plaintiff in the amount of the offer Ambalu v. Rosenblatt, supra, 194 F.R D 451; see also Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 2003 WL 1915738 (E.D.N.Y. 2003) While these cases disagree on the procedural consequences of an unaccepted offer of full relief (one approach is simply to dismiss the case, the other is to enter judgment in accordance with the offer), they agree that an offer of judgment of full relief renders the case moot**
>
> **This, of course, only makes sense. As Chief Judge Posner stated in Greisz v. Household Bank (Illinois), N.A., 176 F. 3d 1012, 1015 (7th Cir 1999), in discussing an unaccepted offer that was greater than the statutory damages (internal citations omitted):**
>
> Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based ....You cannot persist in suing after you've won…
>
> The defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer.

276 F. Supp. 2d at 1218

---

(citation omitted)

    **From Plaintiff's amended complaint, it appears that the Court can decide simply from the pleadings whether Defendants have offered Plaintiff the full amount of her damages especially given that the acceptance of the Rule 68 Offer of Judgment moots Count III as well.**

After weighing the two alternatives to dispose of the case — either dismissal or entry of judgment the MacKenzie court chose to grant the motion to dismiss to the extent that judgment would be entered in favor of the plaintiff for the amount of the offer plus a reasonable attorney's fee and costs. In this case, Defendants suggest that the Court follow the lead of its Middle District colleague by granting Defendants' motion to dismiss and enter judgment in favor of plaintiff as to his complaint under the terms of the offer of judgment.

Lastly, once Counts I (FLSA) & III (FCRA) over which this Court has original jurisdiction are dismissed, this Court in its discretion may decline to exercise supplemental jurisdiction over Count II (the pendent state breach of contract claim). Giarolo v. Goodwill Indus. of Cent. Fla., Inc., 2014 U.S. Dist. LEXIS 106505 (M.D. Fla. July 18, 2014)

WHEREFORE, in light of the above authority, Plaintiff's' Motion for Protective Order should be GRANTED precluding further discovery in the matter and Judgment should be entered in Plaintiff's favor pursuant to Rule 68 in the amount of $2,426.06 plus for reasonable attorney's fees and costs subject to the reservation of jurisdiction for Plaintiff to file a Motion for Fees as Costs as contemplated by S.D.L.R. 7.3. Plaintiff further requests an award of attorney's fees incurred in preparing this motion pursuant to Rule 37(a)(5).

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel has duly conferred telephonically and by e-mail with defense counsel on May 13, 2015 as contemplated by S.D.L.R. 7.1 in attempt to resolve the issues asserted in this motion. Unfortunately, the parties were unable to agree requiring the filing of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 14, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

        Loren Law Group
        100 S. Pine Island Road
        Suite 132
        Plantation, FL 33324
        Phone:      (954)585-4878
        Facsimile:   (954)585-4886
        E-Mail:     JLoren@Lorenlaw.com

        /s/ James M. Loren

        _____
        James M. Loren, Esquire
        Bar No.: 55409

**SERVICE LIST**

J. Michael Wermuth, Esquire
Wermuth Law, PA
8750 NW 36th Street
Suite 425
Miami, FL 33178
Phone:    (305)715-7157
Fax:      (305)715-8982
CM/ECF:  michael@wermuthlaw.com
          osnat@wermuthlaw.com
Counsel for Defendants