UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20499-Civ–COOKE/TORRES

WELBY R. PENA,

    Plaintiff,

vs.

MAGAYA CORPORATION d/b/a
MAGAYA INSURANCE SERVICES,
INC.,

    Defendant.
_____/

# ORDER

THIS MATTER is before me on Plaintiff's Motion for Protective Order & for Entry of Judgment and Incorporated Memorandum of Law ("Motion for Entry of Judgment") (ECF No. 25).[1] Defendant filed its [Corrected] Response to Plaintiff's Motion for Protective Order and Entry of Judgment (ECF No. 28) to which Plaintiff filed its Reply to Defendant's Corrected Response to Motion for Protective Order (ECF No. 32). After reviewing Plaintiff's Motion for Entry of Judgment, the Response and Reply thereto, the record, and relevant legal authorities, Plaintiff's Motion for Entry of Judgment is granted.

## I.  BACKGROUND

Plaintiff filed his Complaint on February 9, 2015, seeking unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA") (Count I), common law breach of contract (Count II), and the Fair Credit Reporting Act ("FCRA") (Count III). Compl., ECF No. 1. Plaintiff sought a total of $2,426.06 as damages under Counts I and II, along with costs and attorney's fees, and an unspecified amount of statutory damages under Count III. *Id.* at ¶¶ 12, 39. In response, Defendant filed its [Corrected] Answer and Affirmative Defenses to Plaintiff's Complaint on April 1, 2015 and asserted three affirmative defenses, the second of which stated that Defendant "is entitled to a setoff for any damages incurred in connection with Plaintiff's breach of the contract[.]" Def.'s Answer 4, ECF No. 13.

---

[1] Magistrate Judge Torres already reviewed and granted the part of Plaintiff's Motion requesting that a protective order be entered pending a resolution of Plaintiff's Motion for Entry of Judgment (ECF No. 26).

Subsequently, Defendant served on Plaintiff an Offer of Judgment as to Counts I and III of the Complaint ("Offer of Judgment"). Def.'s Offer J., Ex. A to ECF No. 24. In this Offer of Judgment, made pursuant to Federal Rule of Civil Procedure 68, Defendant indicated its willingness to allow judgment to be entered against Defendant on Counts I and III of the Complaint in the amount of $2,426.06. *Id.* However, Defendant explicitly indicated that its Offer of Judgment did not include Count II, Plaintiff's breach of contract claim, because Defendant intended on fully litigating that claim and pursuing its affirmative defense of setoff. *Id.* On May 13, 2015, Plaintiff timely filed his Notice of Acceptance of Rule 68 Offer of Judgment, notifying the Court that he had accepted Defendant's Offer of Judgment, requesting that final judgment be entered in the amount of $2,426.06, requesting leave to file a motion for attorney's fees and costs, and indicating that he was abandoning his breach of contract claim since Defendant's Offer fully compensated him for all damages sought. Notice Acceptance, ECF No. 24. Soon thereafter, Plaintiff filed the instant Motion for Entry of Judgment, arguing that the remaining breach of contract claim should be dismissed as moot since Plaintiff would be receiving all the relief he sought as a result of Defendant's Offer of Judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed.R.Civ.P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. *Id.* If the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed.R.Civ.P. 68(b).

Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's [ ] claim." *Moore v. Hecker*, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citations and quotations omitted); *see also Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1218–19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (dismissing FDCPA claim as moot after plaintiff rejected Rule 68 offer where offer provided maximum statutory relief, because "there is no justification for taking the time of the court and the defendant in the pursuit of [a claim] which defendant has ... satisfied."). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." *Pollack v. Bay Area Credit Serv., LLC*, No. 08–61101–Civ, 2009 WL 2475167, at *5 (S.D. Fla.

2

Aug.13, 2009); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200, 203 (D. Conn. 1999) (dismissing FDCPA claim for lack of subject matter jurisdiction after plaintiff rejected Rule 68 offer when offer was for maximum amount of damages that plaintiff was entitled to recover).

### III.  DISCUSSION

It is undisputed that Defendant agreed to allow judgment to be entered against it in the amount of $2,426.06 as to Counts I and III, and that Plaintiff timely accepted Defendant's offer.  However, the parties disagree over whether Defendant's Offer of Judgment fully disposes of Plaintiff's Complaint.  While Defendant argues that Count II, the breach of contract claim, remains for adjudication as a result of Defendant's asserted affirmative defense of setoff, Plaintiff argues that the breach of contract claim must be dismissed as moot as he has received all the monetary relief he sought, therefore disposing of Plaintiff's entire Complaint. In his Complaint, Plaintiff seeks relief for unpaid minimum wages under both an FLSA (Count I) and a breach of contract claim (Count II).  Both Counts I and II seek redress for the same injury, namely unpaid wages, and seek the same amount in damages, namely a total of $2,426.06.  Therefore, Defendant's Offer of Judgment of $2,426.06 fully compensates Plaintiff for all the relief he seeks under Counts I and II, thereby mooting Count II, Plaintiff's breach of contract claim.

This remains true even when taking into consideration Defendant's asserted affirmative defense of setoff.  Defendant seems to conflate the concepts of "affirmative defense" and "counterclaim," which are separate and distinct terms.  "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters," *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989), whereas a counterclaim is essentially a separate cause of action seeking affirmative relief.  Stated otherwise, an affirmative defense is a pleading that bars or voids a cause of action already asserted by an opponent whereas a counterclaim asserts a separate cause of action against the plaintiff that could have been brought as its own proceeding.  Here, Defendant asserted an affirmative defense of setoff to Plaintiff's breach of contract claim in order to recoup damages for misrepresentations Plaintiff allegedly made

3

during the hiring process. However, since Defendant offered, and Plaintiff accepted, a judgment that fully compensates Plaintiff for all unpaid wages, Plaintiff's breach of contract claim is moot. Therefore, Defendant's affirmative defense is essentially moot as well since there are no longer any claims to defend against.

Having determined both that Plaintiff timely accepted Defendant's Offer of Judgment as to Counts I and III of his Complaint and that such acceptance moots Count II of Plaintiff's Complaint, I now turn to an analysis of the Offer of Judgment with regard to Plaintiff's FLSA claim. Rule 68 contains no exclusion that precludes its application in a FLSA case. Thus, a Rule 68 Offer of Judgment is an acceptable method of resolving a case brought pursuant to the FLSA. *See e.g. Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997). Generally, pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), judicial review and approval of settlements in FLSA cases is necessary to give it final and binding effect. However, *Lynn's Food Stores* addresses judicial oversight of "compromises" of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354-55. Here, Plaintiff has accepted an offer of full compensation on his claim. Thus, this case does not involve a compromise. Therefore, there is no need for judicial scrutiny here where Defendant presented Plaintiff with an offer of full relief and Plaintiff accepted Defendant's offer.

### IV.   CONCLUSION

Accordingly, for the reasons stated above, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Protective Order & for Entry of Judgment and Incorporated Memorandum of Law (ECF No. 25) is **GRANTED** as follows:

1. Count II of Plaintiff's Complaint is **DISMISSED** *as moot*.
2. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.
3. Plaintiff WELBY R. PENA shall recover from Defendant MAGAYA CORPORATION d/b/a MAGAYA INSURANCE SERVICES, INC. judgment in the amount of $2,426.06, for which let execution issue.
4. This Court shall retain jurisdiction to adjudicate Plaintiff's motion for attorney's fees and costs.

**DONE and ORDERED** in chambers at Miami, Florida, this 17th day of June 2015.

_/s/ Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*