UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   15-CV-20499-COOKE/TORRES

WELBY R. PENA,

          Plaintiff,

vs.

MAGAYA CORPORATION,
D/B/A MAGAYA INSURANCE SERVICES, INC.

          Defendant.

_____/

## PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF ATTORNEY'S FEES

The Plaintiff, WELBY R. PENA, through counsel, respectfully moves the Court as the prevailing party for an Order, pursuant to 29 U.S.C. § 216(b), Fla. Stat. § 448.08, 15 U.S.C. §1681n &/or o and Fed. R. Civ. P. 54 and Local Rule 7.3, awarding his reasonable attorney's fees incurred in connection with this matter in the sum requested herein, and as grounds thereof states:

## PRELIMINARY BACKGROUND & GROUNDS FOR MOTION

1.      This cause was brought pursuant to the Fair Labor Standards Act, codified as 29 U.S.C. § 201 *et seq*., common law breach of contract and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681u. In his complaint, Plaintiff sought an award of damages for unpaid minimum wages, overtime pay and liquidated damages (Count I - $887.60), gap/contractual wages (Count II - $1,538.46),[1] statutory damages under FCRA (Count III)[2],

---

[1]      As it relates to Counts I & II of Plaintiff's complaint, as time records were not kept by Defendant, Plaintiff made a good faith approximation of the maximum/best case scenario amount of damages owed.

[2]      For willful noncompliance, in the absence of actual damages, FCRA provides for a $100 to $1000 statutory penalty. 15 U.S.C. § 1681n(a)(1)(A). Given the facts of this case, in all likelihood, several hundred dollars in statutory damages was the likely recovery under FCRA.

1

along with taxable costs, and reasonable attorney's fees.

2.     Plaintiff maintains that he was hired by Defendant as an insurance agent and worked a total of 2 weeks receiving training on its proprietary computer system to only later have his job offer rescinded in a manner which violated FCRA (i.e. Plaintiff never authorized a consumer report be run on him, and once Defendant obtained such a report, it rescinded Plaintiff's the job offer without providing the required pre-adverse and adverse notice letters required by FCRA).

3.     Following Plaintiff's termination, Defendant held back Plaintiff's paycheck claiming that Plaintiff placed a derogatory internet posting (i.e. which Plaintiff denies) and that it would pay him only if Plaintiff deleted it. Defendant also made claim that Plaintiff was on a "draw" thereby excusing it from having to pay Plaintiff any wages whatsoever.[3]

4.     As is evident from the case record, Defendant took what is otherwise a simple case, overcomplicated it and then unjustifiably and vexatiously expanded the litigation.

5.     Instead of focusing on the true issues in this case, Defendant spent the better part of each and every single one of its submissions rehashing its skewed version of what were clearly irrelevant facts geared to obfuscating the real issues, muddying the waters and litigating unsound[4] and spurious legal theories.

---

[3]     It is evident that Defendant did not do its legal research and had it done so, it would have known (depending on whether some exemption was being claimed) that it violated the FLSA by not paying Plaintiff at least the equivalent of federal minimum wage for all hours worked and the required overtime pay.

[4]     It appears that Defendant was unaware that set-offs/counterclaims are typically not permitted in FLSA cases where such set-offs would invariably cause Plaintiff not to receive monies due to him under FLSA. Romero v. Southern Waste Systems, LLC,  619 F. Supp.2d 1356 (S.D. Fla. 2009); Dominguez v. Cent. Tire Corp., 2013 U.S. Dist. LEXIS 84882 (S.D. Fla. 2013;  Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974). Because of its lack of understanding of the law and its inability to discern an affirmative defense from that of a counterclaim, Defendant proceeded to haphazardly litigate the "offset" defense.

6.      Furthermore, despite its claims to the contrary, Defendant had no intentions of settling this case or much the less paying Plaintiff anything given that its Rule 68 Offer of Judgment was apparently nothing more than a ploy attempting to expose Plaintiff to attorney's fee liability.    Defendant apparently intended to seek attorney's fees under Count II so as to "offset" the monies it became obligated to pay Plaintiff pursuant to its Rule 68 Offer of Judgment.[5] Defendant's ploy backfired as this Court granted Plaintiff's Motion for Entry of Final Judgment as to the entire case (including Count II) based on Defendant's Rule 68 Offer of Judgment.

7.      Despite efforts by Plaintiff to reason with Defendant, Defendant instead littered the Court file with misguided arguments and affidavits arguing that Plaintiff defrauded it in the employment application process, had a criminal record, posted defamatory internet postings and that Plaintiff purportedly never even worked for it. Even after making its Rule 68 Offer of Judgment, in its confusing and legally unsound[6] opposition [D.E. 27] to Plaintiff's Motion for

---

5      Despite its Rule 68 Offer of Judgment offering the full amount of damages sought by Plaintiff, Defendant incredibly sought to litigate Count II (Breach of Contract) hoping to be declared the prevailing party under Fla. Stat. § 448.08 (attorney's fee provision plead in Count II). As astutely noted by this Court in its order Granting Plaintiff's Motion for Entry of Judgment, Defendant "conflate[d]" the concepts of affirmative defense and counterclaims. [D.E. 35 – p. 3 of 5). This Court further found that "…Defendant offered, and Plaintiff accepted, a judgment that fully compensates Plaintiff for all unpaid wages, Plaintiff's breach of contract claim is moot. Therefore, Defendant's affirmative defense is essentially moot as well since there are no longer any claims to defend against…" Id. at p. 4 of 5.

6      In its Opposition to Plaintiff's Motion for Entry of Judgment,   Defendant remarkably appended an affidavit [D.E. 27-1 – p. 4 of 43] wherein it admitted that it had no standing to assert the offset defense as the right belonged to Magaya Insurance Services, Inc., a sister company (i.e. who is not the named Defendant to this action). So as to perpetuate and expand this litigation and to create a claim where no claim existed, Defendant incredibly made claim in its affidavit that non-party Magaya Insurance Services, Inc. assigned its rights to Defendant, Magaya Corporation.   Again, had Defendant understood the difference between an affirmative defense and a counterclaim or done any modicum of legal research, it would have realized that the assignment argument was fatal because "the plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed." Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005). Thus, a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact. McLean v. JP Morgan Chase Bank N.A., 79 So. 3d 170, 172 (Fla. 4th DCA 2012).

Entry of Judgment (i.e. necessitated by Defendant's refusal to pay the monies it owed under the

Rule 68 Offer of Judgment), Defendant wrote the following:

> Despite the common sense belief that **they did not owe Mr. Pena anything [sic] payment, and could easily prove it**, the Defendant made the offer of partial judgment to narrow the issues and to avoid the risk that two days of self-training by Mr. Pena could give rise to a wage claim, even though Mr. Pena insisted on performing self-training without compensation and fraudulently induced Magaya Insurance to allow him to do it. [D.E. 27 – P. 3 of 5].[7]

8.      When Defendant initially sent its first defective offer of judgment, Plaintiff's

counsel as a courtesy spoke with and even wrote opposing counsel attempting to talk some sense

into Defendant trying to avoiding incurring further legal expense. Plaintiff wrote Defendant the

following:

> From: James Loren
> Sent: Wednesday, May 13, 2015 8:52 AM
> To: Michael Wermuth; Janet Valdes
> Cc: Olivia Castillo; Serena Palastrand; CaseFile
> Subject: Re: Pena vs. Magaya - Rule 68 Offer [corrected]
>
> Mr. Wermuth:
>
>   As we discussed, you client's Rule 68 offer of judgment is defective. I would recommend that my client accept $2,426.06 for his damages plus $5,435.00 for attorney's fees and costs. This offer to settle shall remain open until close of business today...

9.      At the time of the above offer, Plaintiff's counsel in an effort to be reasonable and

to simply get the matter resolved, offered Defendant a significant discount in attorney's fees by

agreeing to accept $5,000 in fees (i.e. close to a 40% fee reduction with the actual fees incurred

as of May 13, 2015 being $7,400). To put things into perspective, the fee amount incurred

---

[7]      If it intended to narrow the issues, it is unclear why Defendant waited so long to make its Offer of Judgment. Early in the litigation, Defendant made an all-inclusive offer of $1,500.00 for damages, fees and costs. Such an offer violated the law as such an unjustified compromise would have left Plaintiff with no monies after paying his counsel his fees and costs. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003) (explaining that "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims).

through the filing of this motion totals $15,625.00.

10.    Despite its assertion that the Rule 68 Offer of Judgment was intended to narrow the issues, Defendant continued in utter disregard of its full damages offer under Rule 68 to litigate its spurious "offset" defense and again, refusing to even tender the monies it offered to pay. To be sure the following e-mail exchange took place between the parties:

> **From:** Michael Wermuth [mailto:michael@wermuthlaw.com]
> **Sent:** Wednesday, May 13, 2015 7:36 PM
> **To:** James Loren
> **Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
> **Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment
>
> Mr. Loren, please do not play games.   I made my position very clear to you this morning.   I was not persuaded by your vehement arguments regarding the validity of my offer of judgment (i.e., its limitation to Counts I and III), and you chose to accept it after all.   As you saw, the only change I made to the prior version was to remove my estimation of reasonable fees (i.e., the reference to $2,500), which was generous in my opinion anyway. You now run the risk the Court will find a lesser number more reasonable.
>
> As you know from our conversation this morning, my client fully intends to pursue8  his right to prove the set off (affirmative defense based on the contract claim).   If you do not intend to produce your client for deposition on Friday, you need to file a motion for protective order ASAP.

---

8    It is interesting to note that the Defendant's Second Affirmative Defense is not directed to any one particular cause of action and states that "Magaya Insurance is entitled to a setoff for any damages incurred in connection with Plaintiff's Breach of Contract. By pursuing the "setoff" defense (i.e. assuming it was even a viable theory), if successful would have resulted in Plaintiff not even being paid anything under FLSA (Count I) which would have violated the law or even his counsel getting paid his attorneys' fees and cots [See D.E. 27 – p. 4 of 5 wherein Defendant states "**In the present case, Defendant's offer of judgment expressly excluded Count II of Plaintiff's Complaint (breach of contract) and Defendant's right to seek a set off and attorneys' fees**"]. Id. Defendant's assertion that Plaintiff's attorney's time should be offset because it somehow didn't prevail under Count II is spurious at best. Defendant's hodge podge of unsound theories with the let's throw things against the wall to see what sticks unfortunately caused Plaintiff to expend the attorney's time he did litigating Defendant's incoherent side issues.

**From:** James Loren
**Sent:** Wednesday, May 13, 2015 8:07 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment

Mr. Wermuth:

I am not here to do your legal work for you. Contrary to your understanding of the matter, Rule 68 was not designed to protract litigation. As you are aware, I made a reasonable demand for damages, fees and costs earlier today. You instead sent another ridiculous and poorly thought out Rule 68 offer of judgment. Plaintiff accepted it.

Before you sent today's Rule 68 offer of judgment, **the amount Plaintiff demanded to settle the fee and cost claim was significantly below the time reasonably expended on the matter. Despite taking the opportunity to short circuit this litigation,   you are bent on litigating some nonsensical and legally incomprehensible offset defense suggesting that you can force Plaintiff to continue litigating the matter when his damages have been paid**. [EMPHASIS ADDED]. I am confident that the Court will find your stance amusing at best. **Please be forewarned that you are driving up attorney's fees unnecessarily and litigating in bad faith**. I suggest you review 28 USC § 1927 and Rule 11.

11.     Instead of heeding Plaintiff's counsel's sound legal advice and simply being reasonable, out of obvious spite and disdain for Plaintiff, Defendant proceeded to steamroll ahead with its outlandish "offset" defense (i.e. a defense which it apparently had no standing to assert at it belonged to Magaya Insurance Services Corp – a sister company who is not a part to this action). *See* [D.E. 27-1 – p. 4 of 43].

12.     Incredibly, after accepting the offer of judgment, the following e-mail exchange took place between counsel:

On May 13, 2015, at 7:00 PM, Michael Wermuth <michael@wermuthlaw.com> wrote:

Dear Mr. Loren, this is to confirm that I am going forward with the deposition of the Plaintiff, Mr. Pena, on Friday as scheduled.   Do you still wish to depose the Defendant's corporate rep?

**From:** James Loren
**Sent:** Wednesday, May 13, 2015 7:10 PM
**To:** Michael Wermuth

6

**Cc:** Janet Valdes; Olivia Castillo; Serena Palastrand
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Notice of Acceptance with Offer of Judgment
<mark>You are not making much sense!</mark>

<mark>Neither deposition is going forward.</mark>

13.     In light of Defendant's insistence on deposing Plaintiff, Plaintiff had no choice but to seek a protective order precluding his deposition and further discovery. Plaintiff's Motion for Protective Order was GRANTED.

14.     Ultimately, this Court sided with Plaintiff and granted his Motion for Entry of Judgment and reserved jurisdiction to tax attorney's fees and costs. [D.E. 35].

15.     Plaintiff now seeks attorney's fees in the amount of $15,625.00 comprised of 41.67 hours[9] expended by attorney James M. Loren at a rate of $375.00 per hour. Ex. "A."

16.     Plaintiff also seeks Paralegal fees in the amount of $475.00 comprised of 4.75 hours expended by paralegal Janet Valdes at a rate of $100.00 per hour.[10]  Ex. "B."

17.     In accordance with S.D.L.R. 7.3, costs of $435.00 are being sought by way of a Bill of Costs which was filed under separate cover.

### S.D.LR 7.3 – CONFERRAL EFFORTS

18.     In an attempt to streamline the issues and to avoid incurring more fees and costs associated with having to prepare a fee motion, Plaintiff wrote Defendant regarding the matter and received the following response:

> **From:** James Loren [mailto:Jloren@lorenlaw.com]
> **Sent:** Thursday, June 18, 2015 6:54 PM
> **To:** Michael Wermuth; Janet Valdes

---

[9]     The 41.67 hours includes time preparing this fee motion. Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1318 (S.D. Fla. 2009)(Awarding attorney's fees expend in preparing a fee petition in an FLSA case).

[10]    Work performed by paralegals is recoverable if it is "work that [i]s traditionally performed by an attorney. Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1309 (S.D. Fla. 2009).

Cc: CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Motion for
Miscellaneous Relief

Mr. Wermuth:

 Please advise when your client will be tendering payment of the Judgment.   Also, please advise
whether the fees and cost issue can be resolved without having to incur further attorney's fees and
costs.   I have expended a total of 33.12 hours at a rate of $375 per hour for a total of $12,418.75.
Costs are $435.00.   My paralegal expended a total of 4.75 hours at a rate of $100.00 per hour for
a total of $475.00.   The total fees and costs are $13,328.75.

　　　　I look forward to your response.

**From:** Michael Wermuth <michael@wermuthlaw.com>
**Sent:** Monday, June 22, 2015 6:22 PM
**To:** James Loren; Janet Valdes
**Cc:** CaseFile
**Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Motion for
Miscellaneous Relief

　　Mr. Loren, my client will agree to pay $2,500 in fees plus the $435 in costs.　　If you agree, my
client would deliver payment of a total of $5,361.06 (including the $2,426.06 to satisfy the
judgment) within 30 days.[11]　I look forward to your response. …..

**From:** James Loren
**Sent:** Monday, June 22, 2015 6:24 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Motion for
Miscellaneous Relief

Please identify what about the time entries is unreasonable and why?

**From:** Michael Wermuth <michael@wermuthlaw.com>
**Sent:** Tuesday, June 23, 2015 4:52 PM
**To:** James Loren
**Cc:** Janet Valdes; CaseFile
**Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Motion for
Miscellaneous Relief

I don't think the entries after acceptance of the Rule 68 offer would be compensable[12]

---

[11]

　　　　It is unclear why Defendant requires 30 days to pay the underlying judgment or why it
believes that this will somehow stay execution.

[12]

　　　　It is unclear on what authority Defendant basis its assertion that work performed after
acceptance of an Offer of Judgment is not compensable. *See* <u>Munoz v. Kobi Karp Arch. &</u>

(there was no prevailing party on Count II).   Up to that point, you billed 1185 minutes, including pre-representation work and ministerial/secretarial work.   Reducing the time by 25% would be 888 minutes or about $5,ooo.   Based on your arguments to the Court, the offer was for 100% of your FLSA claim, thus putting zero value on your FCRA claim (in effect, the work had a zero value).   50% of the $5,000 would be the $2,500 offered.

## ENTITLEMENT TO ATTORNEY'S FEES

19.     Plaintiff asserted 3 causes of action, Count I (unpaid minimum wages, overtime pay and liquidated damages $887.60), Count II (gap/contractual wages - $1,538.46)[13] and Count III (FCRA).[14] Defendant contested liability and then confessed judgment as to Counts I and III, although the amount offered clearly satisfies the amounts sought in in Counts I and II of Plaintiff's complaint. Plaintiff accepted the $2,426.06 total damages payment as it closely if not fully compensates him for all damages incurred (including the FCRA claim) as the amount pled in the complaint was based on approximations as no time records were kept.[15]

---

Interior, 2010 U.S. Dist. LEXIS 55986, 14-15 (S.D. Fla. May 13, 2010)(granting fees for work performed in an FLSA case after the acceptance of an offer of judgment).

13     As it pertains to Counts I & II of Plaintiff's complaint, Plaintiff made a good faith approximation of the maximum amount of damages owed as Defendant's kept changing Plaintiff's pay structure.

14     As it pertains to Count III (FCRA) of Plaintiff's complaint, the work performed by Plaintiff's counsel was relatively minimal as the nature of the claim involves a technical violation of the law (Either Plaintiff was or was not provided pre-adverse and adverse notice letters as required by FCRA). Under the facts of this case, maximum statutory damages of $100 to $1000 in the absence of actual damages.

15     When Defendants contest liability, "**...[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'"** Screen v. Clean Image of Miami, Inc., 2012 U.S. Dist. LEXIS 101609, *13-14 (S.D. Fla. July 23, 2012). The Court in Screen further held that:

Framed by this practical reality, district courts in the Southern District of Florida routinely award attorney's fees in FLSA cases in amounts significantly greater than the recovery. By way of example, in *Francois v. Fried Green Tomatoes, Inc., No. 06-60241-CIV-Altonaga/Brown, ECF No. 91, 2006 U.S. Dist. LEXIS 97092 (S.D. Fla. Aug 4, 2006)*, the district court entered a final judgment which included attorney's fees of $76,850.00 when the unpaid overtime wages (before being doubled for liquidated   [*14] damages) was

9

20.     As it pertains to Count II, by making its offer of judgment for the full amount of damages asserted under Count II, Defendant itself mooted the claim. Plaintiff nonetheless obtained all the relief sought under this count.

21.     As the prevailing party under Count I, Plaintiff is entitled to recover under the mandatory attorney's fees and costs provisions of FLSA.   In Fair Labor Standards Act suits, "[t]he court ... *shall,* in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."29 U.S.C. § 216(b). Thus, "fee awards [are] mandatory for prevailing plaintiffs." [emphasis added] Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985); see also, e.g., Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir.1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."); Fed.R.Civ.P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs").

22.     As the prevailing party, Plaintiff is also entitled to recover attorney's fees and costs pursuant to Fla. Stat.§ 448.08.[16] The Court determined that Count II was mooted by Defendant's payment of the full amount of damages sought by Plaintiff under Count II of his complaint. Alternatively, the damages ($1,538.46) recovered above beyond what was claimed under FLSA (Count I) could be applied to Count III (FCRA).

23.     As the prevailing party under Count III (FCRA), 15 U.S.C. §1681n provides for a

---

less than $11,000.00. Thus, the fees there were approximately 7 times the amount of unpaid overtime wages. *See generally Tyler v. Westway Auto Serv. Ctr., Inc., Case No. 02-61667-CIV-Dimitrouleas/Torres, 2005 U.S. Dist. LEXIS 45771, \*14 (S.D. Fla. Mar. 10, 2005)* ("given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case") (internal citation and quotation marks omitted). Id.

[16]     Fla. Stat. § 448.08   provides that "Attorney's fees for successful litigants in actions for unpaid wages. The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

mandatory award of reasonable attorney's fees and costs.

24.     In the instant case, given the defenses (seeking setoff to cause Plaintiff to not be paid any of the monies under Count I – FLSA) asserted that Plaintiff was not owed any wages and that Defendant did not violate FCRA and further refused to pay the monies owed under the Rule 68 Offer of judgment, the work performed by Plaintiff's counsel realistically cannot be apportioned.[17]  The law is clear that when facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees. *See* Davis v. Locke, 936 F.2d. 1208, 1214 (11th Cir. 1991); *See also* Weitz Co., LLC v. Transp. Ins. Co., 2009 U.S. Dist. LEXIS 117052 (S.D. Fla. Sept. 29, 2009).; *cf,* Warshall v. Price, 629 So.2d 905, 907-908 (Fla. 4th DCA 1993)(Holding that when 2 claims necessarily involved interpretation of the initial employment agreement, then both claims were inextricably intertwined).[18]  In the instant case, given Defendant's First Affirmative Defense, both Counts I and II of Plaintiff's complaint would have required a factual determination if Plaintiff agreed to work for free. Id.   As already determined by the Court, Plaintiff recovered all the relief he sought and as such, the work performed was reasonably necessary to the successful outcome as it pertains to all counts of his complaint.

25.     The amount of fees sought is fair and reasonable in light of the facts of this case. This amount is based on the contemporaneous time records of Plaintiff's counsel and his paralegal, Janel Valdes and the true and correct copies of which are attached hereto as Exhibits

---

[17]     Plaintiff's counsel expended 12.83 hours of time related to the Motion for Entry of Judgment. It is unclear what legal authority Defendant relies upon to suggest that attorney's fees incurred post acceptance of an offer of judgment are not compensable.

[18]     See Defendant's First Affirmative Defense wherein it claims that Plaintiff was not owed any pay because he was working "without pay, pending confirmation of Plaintiff's employment eligibility…" [D.E. 12 – P. 4 of 5].

"A & "B", respectively. The records disclose a total of 41.67 hours (At a rate of $375.00 per hour) devoted to this matter by James M. Loren whose normal billing rate is from $375.00-$400 per hour. The total fee amount sought is $15,625.00. The records further disclose a total of 4.75 hours (at a rate of $100.00 per hour) devoted to this matter by Janet Valdes (Paralegal) whose normal billing rate is from $100-$125 per hour. The total fee amount sought for Ms. Valdes is $475.00.

## I.      AMOUNT OF AND STANDARD FOR ATTORNEY'S FEE AWARDS

The proper method of determining the reasonable amount of attorney's fees to be awarded, is to multiply the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Echerhart, 461 U.S. 424 (1983).   The product of the two factors results in a "lodestar" figure which may then be adjusted as appropriate and enhanced as appropriate.   *Id.*; Pennsylvania v. Delaware Valley Citizens Council II, 483 U.S. 711 (1987). Where the objective sought in the lawsuit was obtained, the full lodestar   amount should be awarded.   Norman v. Housing Auth., 836 F.2d 1292 (11th Cir. 1988).

### A.      *THE REASONABLE NUMBER OF COMPENSABLE HOURS*

In reaching a loadstar figure, a district court needs to determine the reasonable number of hours compensable in the federal litigation.   *Cf.* Norman, *supra.*   In assessing the reasonable number of hours to be compensated, the court can again consider the twelve factors set forth in Johnson and adjust the amount as appropriate. The twelve Johnson factors to be considered when setting a fee on the federal claims are:

(1) the time and labor required;
(2) the customary fee;
(3) the skill required to perform the legal services properly;
(4) preclusion of other employment;
(5) the novelty and difficulty of the issues;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;

(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*See*   Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974).

### 1.   TIME AND LABOR REQUIRED

In the instant case, the Plaintiff, filed his 3 count complaint which included a Fair Labor Standards Act, common law breach of contract and violation of FCRA.   This case from its inception was fought by Defendant wherein it asserted that he was not entitled any monies whatsoever.

In light of the Defendant's allegations and recalcitrant position as well as what appears to be a complete unfamiliarity with FLSA or FCRA (i.e. *see e.g.* Defendants' completely frivolous and poorly researched response to Plaintiff's Motion for Entry of Judgment – [D.E. 27] and even the basic distinctions between an affirmative defense and a counterclaim, the end result was that an otherwise uncomplicated case turned into a contentious litigation. The Defendant at the outset of the action filed their answer notably denying virtually every single allegation of the complaint and thereafter disputing virtually every single issue in this cause; the time expended by the Plaintiff was necessary and required in order to properly prosecute the action, address the allegations raised by the Defendant. Plaintiff's counsel even alerted Defendant that they had no legal basis to contest this case and despite such admonitions, Defendant ignored Plaintiff.

The work involved in bringing this case to favorable closure is clearly reflected by counsel's time sheets.

### 2.   CUSTOMARY FEES

The first element in the computation of the "loadstar" figure, is the "reasonable hourly rate," which is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.   Norman v. Housing Auth., 836 F.2d

13

1292 (11th. Cir. 1988).    Courts give great weight to the going rate in the community.    Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).    In determining the reasonable hourly rate, a district court should consider the same twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th  Cir. 1974) as discussed above.    *See* Norman at 1299. The Johnson factors can in fact be used to adjust upwards the reasonable hourly rate given.    *Ibid.* The general rule within the 11th Circuit is that "the amount an attorney charges his/her clients is the best evidence of his or her market rate." Norelus v. Denny's Incorporated, 2000 WL 33596783 (S.D. Fla. 2000); *See also* Dillard v. Greensboro, 213 F. 3d 1347, 1354-1355 (11th Cir. 2000).

Federal practitioners within the Southern District of Florida with 20 years of experience in the area of employment law customarily charge and are awarded a rate of $325-$450 per hour.[19] The undersigned counsel has typically since 2010[20] been awarded a rate of $350.00 per hour or more in FLSA cases. *See e.g.* Blanco-Garcia v. Las Brisas (09-22599-CV-UNGARO-SIMONTON) (Magistrate Judge Andrea Simonton awarded the undersigned counsel attorney's fees in an FLSA case at a rate of $350 per hour for legal services rendered between 2009 and 2010).[21]; *See also* Blanco-Garcia v. Las Brisas (09-22599-CV-UNGARO-TORRES – D.E. 159)(Magistrate Judge Edwin G. Torres awarded the undersigned counsel in 2013 attorney's fees in an FLSA/proceeding supplementary case at a rate of $375 per hour). Plaintiff is also seeking an award of fees at a rate of $100 per hour for the paralegal time of

---

19      *See* James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007)(Awarding counsel $450 per hour in an FLSA/discrimination case) Medrano v. Mi Colombia Bakery, Inc., 2013 U.S. Dist. LEXIS 60135 (S.D. Fla. Jan. 10, 2013)(Awarding counsel $375 per hour in an FLSA case).  *See* Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc., 2009 U.S. Dist. LEXIS 39264, 2009 WL 1117362, *2 (S.D. Fla. April 24, 2009)(court awarded hourly rate of $350.00 to attorney in FLSD action); See Levin v. Levans, Inc., 2010 U.S. Dist. LEXIS 38762, 10-11 (S.D. Fla. Mar. 15, 2010) *See e.g.* Estrada v. Alexim Trading Corp., 2012 U.S. Dist. LEXIS 138194 (S.D. Fla. Sept. 26, 2012)(Awarding counsel $325 per hour in an FLSA case).

20      See Garcia v. Clean Image of Miami, Inc., 10-21800-CIV-HOEVELER (awarding the undersigned counsel $350 per hour in an FLSA case); *See also*,   Baez v. Tropical Non-Medical Transportation, 11-80207-CIV-MIDDLEBROOKS awarding counsel $350 per hour in an FLSA case.

21      On May 29, 2013, Plaintiff's counsel was awarded $350 per hour in an FLSA case. *See* Alexander v. Hall, Fergusson and Hewitt Mortuary, P.A., 11-23138 CIV-ROSENBAUM/SELTZER.

Janet Valdes.[22]

Plaintiff's counsel's properly awardable hourly rate is the rate he is seeking herein. To be sure, established case law from the Southern District confirms that the prevailing market rate for lawyers of comparable skill, experience, and reputation for this type of case and action in South Florida is consistent with the rate sought by Plaintiff's counsel. *Cf.* James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341 (S.D. Fla. 2007)(Awarding in an FLSA case to 4-6 year attorney $270 and a $450 per hour to a 25 year attorney with ten years of labor law experience).

The Southern District of Florida has consistently held that higher hourly rates are appropriate in federal practice because of the specialized knowledge required of the attorneys, counsel in this case could have sought a higher hourly rate, they have instead merely asked for their typical hourly rate. Thorpe v. Collection Information Bureau, Inc.**,** 1996 WL 806149 (S.D. Fla.)(Holding litigation in Federal Courts, requiring specialized knowledge of the Federal Statutes and Rules, warrant higher hourly rates).  Thus, the hourly rate sought is justified and reasonable under the circumstances especially given that Plaintiff's counsel is not charging a rate greater than his normal hourly rate. The general rule within the 11th Circuit is that "the amount an attorney charges his clients is the best evidence of his or her market rate." Norelus v. Denny's Incorporated, 2000 WL 33596783 (S.D. Fla. 2000); *See also* Dillard v. Greensboro, 213 F. 3d 1347, 1354-1355 (11th Cir. 2000).[23] Thus, the hourly rate of $375 for Attorney James Loren is justified and reasonable under the circumstances especially given counsel's 20 years of litigation and trial experience of which more than 15 years involved extensive employment law experience.

### 3. THE SKILL REQUIRED TO PERFORM LEGAL SERVICES PROPERLY

---

22      The time sought in Plaintiff's fee compilation for work performed by Ms. Janet Valdes is non-clerical in nature.  Ms. Valdes has been performing paralegal work for Loren Law Group for over 8 years and officially completed her paralegal degree in 2011. Ms. Valdes's time is billed out at $105.00 per hour. *See* Estrada v. Alexim Trading Corp., 2012 U.S. Dist. LEXIS 138194 (S.D. Fla. Sept. 26, 2012 (discussing the prevailing rate for paralegals); *See also* Golf Clubs Away, LLC v. Hostway Corp., 2012 U.S. Dist. LEXIS 97971 (S.D. Fla. July 13, 2012)(awarding paralegal fees at a rate of $125 per hour).

23      Although Plaintiff's counsel's practice is 99% contingent, the hourly cases where Plaintiff's counsel has been retained to consult or defend in the area of employment law are billed at a rate of $375-$400 per hour.

Litigating this matter required knowledge and experience in the area of FLSA, FCRA, employment law as well as federal trial practice.   As the Court can note from the file and record, Plaintiff's counsel was challenged at each and every stage of the proceeding which required particular knowledge and skills related to FLSA/employment law.   This action was a contested federal action, entailing involved and specialized knowledge of legal issues. To add, federal practice by itself is substantially more demanding than state court practice. Specialized and particularized knowledge was required to effectively and properly prosecute this action.

**4.   PRECLUSION FROM OTHER EMPLOYMENT**

Other than having to waste an inordinate amount of time litigating unnecessary issues caused by Defendant's unfamiliarity with the legal issues, Plaintiff's counsel was not precluded from accepting other employment.

**5. THE NOVELTY AND DIFFICULTY OF THE ISSUES PRESENTED**

The issues in this case were not novel but did involve having to contend with a Defendant who simply did not or refused to understand the legal issues at hand. Defendant's overall conduct and improper factual denials in the case, is certainly a significant factor that the Court should consider in assessing the amount of appropriate work that the Plaintiff had to undergo in order to successfully prosecute this action.

**6. CONTINGENT NATURE OF THE FEE**

The contingent fee contract between Plaintiff and his counsel is 100% contingent in nature. Plaintiff's counsel has never received any payment for attorney's fees or costs from his client.

**7. TIME LIMITATIONS IMPOSED BY CLIENT OR CIRCUMSTANCES**

There were no pressing time limitations imposed by the client.

**8. THE AMOUNT INVOLVED AND RESULT OBTAINED**

16

The amount awarded/recovered is the full amount including payment of liquidated damages.  The Supreme Court has recognized that the amount won is also a relevant factor, Riverside v. Rivera, 477 U.S. 561 (1986),  and  also held that the  "results obtained" may lead to an upward adjustment  of the lodestar.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). In essence, the instant judgment obtained in such a case warrants an award of the full loadstar and no enhancement is being sought.

### 9.   EXPERIENCE, REPUTATION AND ABILITY OF ATTORNEYS

Plaintiff's counsel is a James Loren is a 1995 graduate of Nova Southeastern University Law School and is admitted to practice law in the State of Florida (1995) and Georgia (2010) as well as in the federal court for the Southern District of Florida (1996) as well as a number of other federal district courts and the Eleventh Circuit Court Appeals. James Loren has in the past clerked with the Federal Bureau of Investigation in the Civil RICO unit.  Mr. Loren is a principal in the Law Firm of Loren & Associates, P.A. and currently practices in the area of labor/employment/civil rights litigation. James Loren has extensive civil trial experience in employment and public interest law and has tried numerous employment cases to verdict.

### 10. THE UNDESIRABILITY OF THE CASE

Plaintiff's counsel accepted this engagement knowing that this was a low damages case with an uncooperative Defendant who likely would create unnecessary controversy and vitriol so as to make the litigation as difficult as possible for both Plaintiff and his counsel.

### 11. NATURE OF RELATIONSHIP WITH CLIENT

Counsel for Plaintiff has not represented the Plaintiff in other matters and this is the only potential attorney/client involvement. As such, there is no ongoing or established relationship with Plaintiff and her counsel that would warrant a discounted rate especially in light of the fact that the instant litigation is a public interest case where Plaintiff cannot afford to pay counsel for

services rendered.

### 12. AWARD IN SIMILAR CASES

In light of the skill, competence and expertise demonstrated by Plaintiff's counsel, the rates and total hours claimed by Plaintiff's counsel are reasonable and well within the prevailing market rate especially given that comparable rates have been previously awarded to counsel by this Court.   *See e.g.* <u>Alexander v. Hall</u>, Fergusson and Hewitt Mortuary, P.A., 11-23138 CIV-ROSENBAUM/SELTZER.(awarding the undersigned counsel in excess of $20,000 in attorney's fees in an FLSA case involving a $2,000 wage dispute where Defendant similarly as in this instance case, protracted litigation).

### CONCLUSION

In light of foregoing, Plaintiff respectfully requests the following award:

    a.   $15,625.00 in attorney's fees for work performed by James M. Loren

    b.   $475.00 in Paralegal fees for work performed by Janet Valdes.

    c.   $435 in taxable costs in accordance with S.D.L.R. 7.3

### CERTIFICATION OF COUNSEL PURSUANT TO THE LOCAL RULES

Under the penalty of perjury, counsel for Plaintiff verifies that he has fully reviewed the time records and supporting data and certifies that the motion and accompanying attachments are well grounded in fact, justified and based on personal knowledge.



_____

James M. Loren

Counsel for Plaintiff further certifies that a bonafide effort was made to narrow the issues as required by the local rule 7.3. Specifically, opposing counsel was provided with a copy

of the instant motion on June 24, 2015 and accompanying attorney's time and cost records. A specific request was made of Defendant to identify what time entries were not compensable and the justification for such a contention. Defendant maintains that Plaintiff did not prevail under either Counts I or II of Plaintiff's complaint and is only entitled to $2,500.00 in attorney's fees and $435 in costs. The parties were unable to agree to much of anything. *See* Exhibit "C."

Plaintiff is not requesting an attorney's fee hearing in the matter as this fee motion with attachments as well as the record of the proceeding clearly evidences the extent, nature and reasonableness of the work performed and billed by Plaintiff's counsel and his paralegal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on June 27, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Loren Law Group
100 S. Pine Island Road - Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:      (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409

## SERVICE LIST

J. Michael Wermuth, Esquire
Wermuth Law, PA
8750 NW 36th Street - Suite 425
Miami, FL 33178
Phone:      (305)715-7157
Fax:        (305)715-8982
CM/ECF:   michael@wermuthlaw.com
Counsel for Defendant

19

Attorney Fee Compilation - James M. Loren

| Created | Description | Duration | CreatedBy |
|---|---|---|---|
| 1/17/2015 | Received phone call from prospective client - discussed case - unpaid wage/OT, possible FCRA claim - contentious case | 45 | James Loren |
| 1/19/2015 | Prepared correspondence to client - requested documentation, e-mails and text message exchange | 18 | James Loren |
| 1/20/2015 | Received retainer package executed, client forwarded e-mails and certain text messages - reviewed same - called client and discussed content of text messages and e-mails | 21 | James Loren |
| 1/21/2015 | Conference with client - preparation of timeline of events, identified witnesses | 87 | James Loren |
| 1/22/2015 | Received e-mail from client providing missing text messages, called and discussed case and updated case summary and timeline | 24 | James Loren |
| 1/27/2015 | E-mail exchange with client - provided status of case | 11 | James Loren |
| 1/30/2015 | Received e-mail from client including background check information - called and discussed same- client advised that employer is disavowing owing anything - it appears that employer claiming that Client misrepresented facts and that this somehow is a defense to payment | 18 | James Loren |
| 2/9/2015 | Internet research - Magaya - Preparation of complaint - 3 counts - FLSA MIn wage, Contract and FCRA, summons | 125 | James Loren |
| 2/9/2015 | Rec'd efiling:  Judge Assignment to Judge Marcia G. Cooke - updated file | 4 | James Loren |
| 2/9/2015 | Received forwarded e-mail from employer to client re: background check - called and discussed same with client | 13 | James Loren |
| 2/12/2015 | Prepared Rule 4 Waiver | 10 | James Loren |
| 2/17/2015 | TC with  Gabriel Luz - Advised that P never worked for them - he was coming and going for training while background check was pending - claims that he agreed to work for draw against commission - claims that all FCRA disclosures were given and that he spoke with the company himself -  I advised him to hire counsel and we will deal with counsel | 10 | James Loren |
| 2/19/2015 | TC with client - Discussed status | 15 | James Loren |

Exhibit "A"

| | | | |
|---|---|---|---|
| 3/9/2015 | Rec'd efiling:  ORDER REFERRING CASE to Magistrate Judge Edwin G. Torres for Pretrial Non-Dispositive Matters - updated file | 4 | James Loren |
| 3/9/2015 | Rec'd efiling:  Order of Court-Mandated Requirements in Statement of Claim due by 3/30/2015 - documented filed | 6 | James Loren |
| 3/9/2015 | Rec;d efiling: ORDER EXPEDITING SERVICE. Signed by Judge Marcia G. Cooke on 3/9/2015 - reviewed file - contacted process server - forwarded summons to process server | 11 | James Loren |
| 3/13/2015 | TC with client - verified damages - Prepared statement of claim | 20 | James Loren |
| 3/18/2015 | Rec'd efiling: Order setting trial and referrering matters to magistrate - updated system - prepared correspondence to client updatinng him of dates and status of case | 19 | James Loren |
| 4/1/2015 | Rec'd efiling: answer and Affirmative Defenses to Complaint with Jury Demand , Defendant's COUNTERCLAIM against Welby R Pena - reviewed same | 22 | James Loren |
| 4/1/2015 | Rec'd efiling:  Corrected and Affirmative Defenses to Complaint with Jury Demand by Magaya Corporation. - reviewed same | 11 | James Loren |
| 4/1/2015 | Prepared correspondence to client with  inquiries and clarification requested regarding fact witnesses, Position of certain individuals with company (if not already listed), contact information (address, phone number) , scoper of knowledge, any other persons not yet identified - prepared specific inquiries pertaining to 1.Michael Drath, Manager, 2.Gabriel Ruz, 3.Jesus , 4.Yoniel, 5.Nomar Ramis, Operations Manager, 6.Vanessa 7.Michael, 8.Mr. Barahona | 20 | James Loren |
| 4/9/2015 | Review of file - Preparation of RTP and ROGS to D | 135 | James Loren |
| 4/9/2015 | Preparation of NTD to Defendant | 20 | James Loren |
| 4/9/2015 | TC with client - discussed all parties who need to be deposed - discussed status of case - reviewed with client texts from D re: Rip off report | 22 | James Loren |
| 4/15/2015 | Rec'd efiilng: response to  to Plaintiff's Statement of Claim by Magaya Corporation -iniital reviewed of  same and corresponding documents - called client and discussed same | 18 | James Loren |

| | | | |
|---|---|---|---|
| 4/15/2015 | Rec'd efiling:  Amended Response to Plaintiff's Statement of Claim by Magaya Corporation | 11 | James Loren |
| 4/15/2015 | Rec'd efiling:  Notice of Compliance with Order of Court-Mandated Requirements in FCRA-Based Cases by Magaya Corporation | 12 | James Loren |
| 4/21/2015 | Prepared correspondence to client requesting update to information we previously requested | 12 | James Loren |
| 4/24/2015 | TC with client - identified persons he had most communication with 1.Michael Drath, Ins Mgr, 2.  Gabriel Ruz, CEO, 3.  Nomar Ramis, Ops Mgr, 4. Vanessa, insurance agent, 5.   Michael, insurance agent | 15 | James Loren |
| 4/30/2015 | Rec'd efiling:  Witness List by Magaya Corporation - called client - discussed same | 15 | James Loren |
| 5/11/2015 | Review of Documents produced by Defendant - outlined same | 207 | James Loren |
| 5/12/2015 | Meeting and preparation for deposition with client | 123 | James Loren |
| 5/12/2015 | Received responses to Ps Rogs and RTP - not documents attached - reviewed same | 17 | James Loren |
| 5/13/2015 | TC with OC - discussed issues in case - agreed to Ds amendment of aff def, D agreed to P amending his complaint - discussed motion to strike Rule 68 offer of judgment | 21 | James Loren |
| 5/13/2015 | Correspondence to OC requesing corrected  Rule 68 offer of judgment .  Advised that  I would recommend that my client that he accept $2,426.06 for his damages plus $5,435.00 for attorney's fees and costs. Advised This offer to settle shall remain open until close of business today - $2,000 plus discount on fees | 15 | James Loren |
| 5/13/2015 | TC with client - discussed Rule 68 offer of judgment - discussed prior $1,500 all inclusive offer | 13 | James Loren |
| 5/13/2015 | Preparation of acceptance of Rule 68 offer of judgment | 15 | James Loren |
| 5/13/2015 | E-Mail exchange with OC regarding his intention to proceed forward with Client's deposition | 13 | James Loren |
| 5/14/2015 | Rec'd efiling:  ORDER granting [Motion for Protective Order. - reviewed same | 4 | James Loren |

| Date | Description | Amount | Name |
|---|---|---|---|
| 5/14/2015 | Research and preparation of motion for protective order and for entry of judgment | 270 | James Loren |
| 5/14/2015 | Spoke with client, advised that he does not need to appear for his deposition tomorrow - gave status - advised of issues with Defendant not paying | 15 | James Loren |
| 5/21/2015 | Returned client's call, advised as to status of the case and let him know that D is playing games wanting to pursue count II of the complaint.  Advised that we now have to wait on the court to rule on the matter and we will do what we need to do on our end to get this resolved. | 12 | James Loren |
| 5/26/2015 | Rec'd efiling:  Notice of Response to Motion | 4 | James Loren |
| 5/26/2015 | TC with client re: status of case | 7 | James Loren |
| 5/29/2015 | Tc with client - prepare correspondence enclosing  1.Plaintiff's Motion for Protective Order, 2.Order Granting Plaintiff's Motion for Protective Order, 3.Defendant's Corrected Response to Plaintiff's Motion for Protective Order | 15 | James Loren |
| 6/1/2015 | Rec'd efiling:  order Re-Scheduling Mediation. The mediation conference in this matter shall be held with Cindy Niad Hannah, Esq. on June 12, 2015 at 1:00 p.m. - updated file - need to move to vacate | 6 | James Loren |
| 6/2/2015 | Research and preparation of reply to Ds Response to Motion for Protective Order and Entry of Judgment | 365 | James Loren |
| 6/8/2015 | Preparation of Motion to Abate Mediation | 42 | James Loren |
| 6/17/2015 | Rec's e-filing - Order Granting Motion for Entry of Judgment and Final judgment - prepared correspondence to client advising of status and course of action | 17 | James Loren |
| 6/18/2015 | Review of and redaction  of  time records to remove atty client prvilige information | 22 | James Loren |
| 6/18/2015 | Prepared E-mail to OC re: payment of Judgment and resolution of fees/costs | 10 | James Loren |
| 6/22/2015 | E-mail Exchange with OC - provided time sheets | 13 | James Loren |
| 6/23/2015 | E-mail Exchange with OC - attempting to narrow issues re: fees | 6 | James Loren |
| 6/23/2015 | Preparation of Motion for fees and costs - factual backgrounds | 187 | James Loren |

| 6/24/2015 | Completed preparation of Motion for Fees and Costs | 307 | James Loren |
|---|---|---|---|
| | MINUTES | 2500 | |
| | HOURS | 41.67 | |
| | RATE - $375 per hour | $15,625.00 | |
| | COSTS - Filing Fee ($400), Service of Proces ($35.00) | $435 | |
| | | $16,101.67 | |

Paralegal Fees - Janet Valdes

| Created | Description | Duration | CreatedBy |
|---|---|---|---|
| 3/10/2015 | Followed up with process server as per JML - confirmed that he was aware of deadline | 8 | Janet Valdes |
| 3/11/2015 | Spoke with client, gave him status on case.  Advised D was served yesterday. | 6 | Janet Valdes |
| 3/11/2015 | Received correspondence from process server - D served - updated system | 5 | Janet Valdes |
| 3/17/2015 | E-filed Affidavit of Service | 8 | Janet Valdes |
| 3/18/2015 | Rec'd efiling:Order for Mediation. Mediation Deadline 6/17/2015. Confirmed with client availability | 7 | Janet Valdes |
| 4/1/2015 | Review of file prepared e-mail to OC attaching1.Order of Court Mandated Requirement on FCRA-Based Cases2.Order Setting Civil Trial Date and Pretrial Deadlines and Order Referring to Magistrate3.Order of Referral to Mediation4.Order Referring Case to Magistrate Judge5.Plaintiff's Notice of Filing of Statement of Claim | 21 | Janet Valdes |
| 4/1/2015 | Prepared Notice  of Compliance Order of Requirements | 12 | Janet Valdes |
| 4/1/2015 | TC with JML - discussed mediators  - Prepared correspondence to OC suggesting Robert Norell | 13 | Janet Valdes |
| 4/1/2015 | Received correspondence from OC re: copying his assistant, responded to same | 4 | Janet Valdes |
| 4/1/2015 | Conferred with JML re: mediators - Prepared correspondence to OC regarding same | 10 | Janet Valdes |
| 4/1/2015 | Prepared correspondence to OC  - re: mediator  Cindy Hannah.  Advised we will  file a notice of selection of mediator. Reminded OC re mediation deadline of 6/17/15. Requested dates | 14 | Janet Valdes |
| 4/10/2015 | Prepared correspondence to OC enclosing discovery requests and NTD - D CR | 10 | Janet Valdes |
| 4/10/2015 | Prepared 2nd Email to OC re Re-Notice of Deposition -  Re-Notice with the correct information for May 14, 2015 @ 1:00 PM. | 8 | Janet Valdes |
| 4/10/2015 | Faxed NTD - Ds CR to Goldman - N/C | 0 | Janet Valdes |

e

Exhibit "B"

| Date | Description | | Name |
|---|---|---|---|
| 4/14/2015 | E-mail exchange with OC re: depositions -advised of unavailability for  5/20. - Proposed 5/26, available all day5/27, available all day,  5/29, available all day,  6/2, available all day,  6/3, available starting at 1:00 | 13 | Janet Valdes |
| 4/21/2015 | Called Cindy Hannah's office, she is not available for mediation on 5/26. Provided me with following availability dates: 6/4, she is available starting at 10:00, 6/12, she is available starting at 1:00, 6/17, she is available at 2:00 | 13 | Janet Valdes |
| 4/21/2015 | Prepared e-mail to OC - advised that Cindy Hannah is booked through the month of May.   I obtained the following availability dates, please advise as soon as possible as they will hold these dates for us for 2-3 days.  6/4, she is available starting at 10:00,  6/12, she is available at 1:00, 6/17, she is available at 2:00 | 11 | Janet Valdes |
| 4/23/2015 | Spoke with client regarding mediation and deposition dates.  Mediation 6/12/15 @ 1:00, Ps Depo, available for 5/15 | 11 | Janet Valdes |
| 4/23/2015 | Prepared correspondence to OC - advised that with Cindy Hannah's office, we are set for mediation on 6/12/15 @ 1:00 PM in Miami.   Cindy's office will be preparing the notice and e-filing it.  I will prepare proposed order scheduling mediation and file with the court as required by the Court's order. | 12 | Janet Valdes |
| 4/23/2015 | Prepared correspondence to OC re: JML  not available on the morning on 5/14/15. | 7 | Janet Valdes |
| 4/23/2015 | E-mail exchange with OC re: copies of documents | 10 | Janet Valdes |
| 4/23/2015 | Prepared Notice of Mediation | 13 | Janet Valdes |
| 4/23/2015 | Prepared correspondence to Mediator's office re: mediation date | 10 | Janet Valdes |
| 4/23/2015 | Spoke with Nicky at Cindy Hannah's office, set mediation for 6/12/15 @ 1:00 PM in Miami. | 5 | Janet Valdes |
| 4/24/2015 | Rec'd efiling:  order Scheduling Mediation. The mediation conference in this matter shall be held with Cindy Hannah on June 12, 2015 at 1:00 p.m. - reviewed same - prepared correspondence to client | 12 | Janet Valdes |
| 6/1/2015 | Email to mediators - request to cancel mediation | 8 | Janet Valdes |
| 6/8/2015 | Prepared e-mail to OC re: motion to dispense with mediation | 7 | Janet Valdes |
| 6/8/2015 | Prepared Correspondence to Court enclosing order on motion to abate mediation | 5 | Janet Valdes |

| 6/11/2015 | Called judge Cooke's chambers regarding Ps Motion to Abate Mediation, left voice mail for Angelique. | 7 | Janet Valdes |
|---|---|---|---|
| 6/11/2015 | Called Magistrate Torres' chambers left voice mail for clerk regarding Motion to Abate Mediation | 4 | Janet Valdes |
| 6/11/2015 | Prepared correspondence to mediator - cancelling mediaition | 7 | Janet Valdes |
| 6/11/2015 | Spoke with Nicki from ATD mediation, confirmed receipt of email cancelling mediation. | 4 | Janet Valdes |
| | | | |

| | |
|---|---|
| Minutes | 285 |
| Hours | 4.75 |
| Rate - $100 per hour | $475.00 |

**From:** Michael Wermuth <michael@wermuthlaw.com>
**Subject: RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation**
**Date:** June 27, 2015 at 4:18:16 PM EDT
**To:** James Loren <Jloren@lorenlaw.com>
**Cc:** Janet Valdes <Jvaldes@lorenlaw.com>, CaseFile <CaseFile@lorenlaw.com>

James, I read the motion and support you cited.  Without picking at the numbers, your request for $5,435 for fees and costs at the time of the Rule 68 offer (you are not new to this, and that is the amount you expected that you could have been awarded) is consistent with my client's offer of $2,500 for fees plus $435 for costs, subject to the Court's determination as to whether you prevailed for purposes of fees on the FCRP claim, and whether you are entitled to fees for Count II – which was the subject of the post-Rule 68 motions.  You do not seem inclined to negotiate anything, so I don't know if there is anything else that can be done to resolve this amicably.  Regards,


J. Michael Wermuth
**WERMUTHLAW P.A.**
8750 NW 36 Street, Suite 425
Miami, Florida 33178
Tel: (305) 715-7157
Fax: (305) 715-8982


Confidentiality Notice: This electronic transmission (and any attached document or file) is confidential and intended for the sole use of the individual(s) to whom it is addressed. Any further distribution or copying of this message is strictly prohibited. If you received this message in error, please notify the sender, and destroy the message (and any attached files), immediately. The sender is not liable for any use or misuse contrary to these directions. Attorney-Client Privilege is asserted in All electronic transmissions.


IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained

in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** James Loren [mailto:Jloren@lorenlaw.com]
**Sent:** Friday, June 26, 2015 8:06 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation

Ok. Thanks

James M. Loren, Esq.
Loren Law Group
100 S. Pine Island  Road
Suite # 132
Plantation, FL 33324
Phone: (954) 585-4878
Fax: (954) 585-4886

On Jun 26, 2015, at 7:47 PM, Michael Wermuth <michael@wermuthlaw.com> wrote:
James, I haven't finished looking through your motion and the cases you cited, and I need to leave.  I will come back to the office tomorrow to finish and respond to you.

**From:** James Loren [mailto:Jloren@lorenlaw.com]
**Sent:** Friday, June 26, 2015 1:35 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation

Thank you

James M. Loren, Esq.
Loren Law Group
100 South Pine Island Road, Suite 132
Plantation, Florida 33324
Main Phone: (954) 585-4878
Miami:       (305) 949-4040
Atlanta:     (678) 224-5702
Fax:         (954) 585-4886


ATTORNEY CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT

NOTICE: This is a CONFIDENTIAL message and some or all of the information may be LEGALLY PRIVILEGED. If you are not an intended recipient, please note that any distribution or copying of this message is strictly prohibited and notify the sender promptly by return e-mail if received in error.



**From:** Michael Wermuth <michael@wermuthlaw.com>
**Sent:** Friday, June 26, 2015 1:30 PM
**To:** James Loren
**Cc:** Janet Valdes; CaseFile
**Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation

Sorry for the delay.  I will get back to you today.

J. Michael Wermuth

**WERMUTHLAW P.A.**
8750 NW 36 Street, Suite 425
Miami, Florida 33178
Tel: (305) 715-7157
Fax: (305) 715-8982

Confidentiality Notice: This electronic transmission (and any attached document or file) is confidential and intended for the sole use of the individual(s) to whom it is addressed. Any further distribution or copying of this message is strictly prohibited. If you received this message in error, please notify the sender, and destroy the message (and any attached files), immediately. The sender is not liable for any use or misuse contrary to these directions. Attorney-Client Privilege is asserted in All electronic transmissions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** James Loren [mailto:Jloren@lorenlaw.com]
**Sent:** Friday, June 26, 2015 8:19 AM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation

Mr. Wermuth:

Please advise if there are any issues that we can resolve so that I may make the appropriate representations to the court and get the fee motion filed.

Thank you,

James M. Loren, Esq.
Loren Law Group
100 South Pine Island Road, Suite 132
Plantation, Florida 33324
Main Phone: (954) 585-4878
Miami:        (305) 949-4040
Atlanta:      (678) 224-5702
Fax:          (954) 585-4886


ATTORNEY CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT

NOTICE: This is a CONFIDENTIAL message and some or all of the
information may be LEGALLY PRIVILEGED. If you are not an
intended recipient, please note that any distribution or copying of
this message is strictly prohibited and notify the sender promptly
by return e-mail if received in error.


**From:** James Loren
**Sent:** Wednesday, June 24, 2015 11:12 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya
Corporation

Mr. Wermuth:

Please see attached Plantiff's Motion for Fees and a Bill of Costs.

Please advise if there is anything that we can agree on.
Please itemize which time entries are unreasonable, the basis for such a contention and any legal authority which you rely upon to support such contentions.

James M. Loren, Esq.
Loren Law Group
100 South Pine Island Road, Suite 132
Plantation, Florida 33324
Main Phone: (954) 585-4878
Miami:         (305) 949-4040
Atlanta:        (678) 224-5702
Fax:            (954) 585-4886


ATTORNEY CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT

NOTICE: This is a CONFIDENTIAL message and some or all of the information may be LEGALLY PRIVILEGED. If you are not an intended recipient, please note that any distribution or copying of this message is strictly prohibited and notify the sender promptly by return e-mail if received in error.


**From:** Michael Wermuth <michael@wermuthlaw.com>
**Sent:** Tuesday, June 23, 2015 4:52 PM
**To:** James Loren
**Cc:** Janet Valdes; CaseFile
**Subject:** RE: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya

Corporation Motion for Miscellaneous Relief

I don't think the entries after acceptance of the Rule 68 offer would be compensable (there was no prevailing party on Count II).  Up to that point, you billed 1185 minutes, including pre-representation work and ministerial/secretarial work.  Reducing the time by 25% would be 888 minutes or about $5,ooo.  Based on your arguments to the Court, the offer was for 100% of your FLSA claim, thus putting zero value on your FCRA claim (in effect, the work had a zero value).   50% of the $5,000 would be the $2,500 offered.

J. Michael Wermuth
**WERMUTHLAW P.A.**
8750 NW 36 Street, Suite 425
Miami, Florida 33178
Tel: (305) 715-7157
Fax: (305) 715-8982

Confidentiality Notice: This electronic transmission (and any attached document or file) is confidential and intended for the sole use of the individual(s) to whom it is addressed. Any further distribution or copying of this message is strictly prohibited. If you received this message in error, please notify the sender, and destroy the message (and any attached files), immediately. The sender is not liable for any use or misuse contrary to these directions. Attorney-Client Privilege is asserted in All electronic transmissions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** James Loren [mailto:Jloren@lorenlaw.com]
**Sent:** Monday, June 22, 2015 6:25 PM
**To:** Michael Wermuth
**Cc:** Janet Valdes; CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya
Corporation Motion for Miscellaneous Relief

Please identify what about the time entries is unreasonable and
why?

James M. Loren, Esq.

Loren Law Group

100 S. Pine Island  Road

Suite # 132

Plantation, FL 33324

Phone: (954) 585-4878

Fax: (954) 585-4886

On Jun 22, 2015, at 6:22 PM, Michael Wermuth
<michael@wermuthlaw.com> wrote:
Mr. Loren, my client will agree to pay $2,500 in fees plus the $435 in
costs.  If you agree, my client would deliver payment of a total of
$5,361.06 (including the $2,426.06 to satisfy the judgment) within 30
days.  I look forward to your response.  Regards,

J. Michael Wermuth
**WERMUTHLAW P.A.**
8750 NW 36 Street, Suite 425
Miami, Florida 33178
Tel: (305) 715-7157
Fax: (305) 715-8982

Confidentiality Notice: This electronic transmission (and any attached
document or file) is confidential and intended for the sole use of the
individual(s) to whom it is addressed. Any further distribution or

copying of this message is strictly prohibited. If you received this message in error, please notify the sender, and destroy the message (and any attached files), immediately. The sender is not liable for any use or misuse contrary to these directions. Attorney-Client Privilege is asserted in All electronic transmissions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** James Loren [mailto:Jloren@lorenlaw.com]
**Sent:** Thursday, June 18, 2015 6:54 PM
**To:** Michael Wermuth; Janet Valdes
**Cc:** CaseFile
**Subject:** Re: Activity in Case 1:15-cv-20499-MGC Pena v. Magaya Corporation Motion for Miscellaneous Relief

Mr. Wermuth:

    Please advise when your client will be tendering payment of the Judgment.  Also, please advise whether the fees and cost issue can be resolved without having to incur further attorney's fees and costs.  I have expended a total of 33.12 hours at a rate of $375 per hour for a total of $12,418.75. Costs are $435.00.  My paralegal expended a total of 4.75 hours at a rate of $100.00 per hour for a total of $475.00.  The total fees and costs are $13,328.75.

    I look forward to your response.

Thank you,

James M. Loren, Esq.

Loren Law Group

100 South Pine Island Road, Suite 132

Plantation, Florida 33324

Main Phone: (954) 585-4878

Miami:        (305) 949-4040

Atlanta:      (678) 224-5702

Fax:          (954) 585-4886


ATTORNEY CLIENT PRIVILEGED

ATTORNEY WORK PRODUCT

NOTICE: This is a CONFIDENTIAL message and some or all of the information may be LEGALLY PRIVILEGED. If you are not an intended recipient, please note that any distribution or copying of this message is strictly prohibited and notify the sender promptly by return e-mail if received in error.